IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| RANDY THOMAS NAVES, | **ORDER TO SHOW CAUSE & MEMORANDUM DECISION** |
| Petitioner, | |
| v. | Case No. 2:13-CV-379 TC |
| ALFRED C. BIGELOW et al., | District Judge Tena Campbell |
| Respondents. | |

_____

Petitioner, Randy Thomas Naves, an inmate at Utah State Prison, filed a federal habeas corpus petition here, in which he challenges his imprisonment. On October 17, 1997, Petitioner was sentenced in state court to serve one-to-fifteen years on each of three second-degree felony sexual-abuse-of-a-child charges; zero-to-five years for a third-degree felony charge; and twelve months on a class A misdemeanor charge. Two of the one-to-fifteen-year terms were to run concurrently, but the third was to run consecutively with the first two terms and consecutively with Petitioner's other sentences.

This petition appears to contest, under 28 U.S.C. § 2254, Petitioner's sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he appears to argue, among other similar possibilities, that the Utah Board of Parole and Pardons (BOP) improperly executed his sentence by not following "the matrix" which would have limited his time served to fewer years. He vehemently disagrees with the amount of time he has served.

## ANALYSIS

### a. Utah's Indeterminate Sentencing Scheme

Petitioner attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). Accordingly, the Court proposes to deny Petitioner's request for relief on the basis of this § 2254 claim.

As an alternative ground for denying Petitioner's § 2254 claim regarding indeterminate sentencing, the Court believes that the one-year period of limitation has run. The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment
> of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review . . . .

28 U.S.C.S. § 2244(d)(1) (2013).

Petitioner had to file his § 2254 claims within one year of November 17, 1997--the day upon which he failed to file an appeal regarding his sentencing–in addition to any time tolled by statute or equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000). By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.S. § 2244(d)(2) (2013). Equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at

808).

Because it appears that Petitioner did not file for state post-conviction or other-collateral-review applications until 2005--after the period of limitation had already run out--there are no grounds for statutory tolling.

Petitioner's arguments for equitable tolling center around his lack of knowledge and legal resources. Petitioner has "failed to elaborate on how these circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). The argument that a prisoner "had inadequate law library facilities" does not support an equitable tolling argument. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2013) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of

help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

Contrary to the Petitioner's contention, his sentences were final in 1997: three one-to-fifteen terms; one zero-to-five term; and one twelve-month term. The outside of this range--fifteen years, plus the total incarceration time for the other terms running consecutively--absolutely marks the outside time of his final release. Regardless of his misunderstanding about how these sentencing ranges work, Petitioner should have known that the sentences, together with their outside ranges, were as imposed by the state court. He had until November 17, 1998, to file this federal habeas petition; instead he filed it on July 1, 2013--nearly fifteen years too late.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to "diligently pursue his federal claims." His complaint and memorandum show no signs of this kind of self-directed tenacity. In sum, no circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the above claim before the Court was apparently filed well past the one-year period of limitation. And neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Accordingly, the Court proposes to deny

Petitioner's § 2254 claim on this alternative ground as well.

### b. Questions of State Law

The Court next addresses any of Petitioner's possible assertions under § 2241 that he was entitled to an earlier release based on "the matrix" and that he has simply been imprisoned too long.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2013). As to BOP's decision about the length of Petitioner's prison stay and his constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of five-to-life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Court also considers Petitioner's possible arguments, about due process in parole determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67;

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Petitioner thus has no valid argument here based on state law.

## CONCLUSION

The Court proposes to deny all of Petitioner's claims because they do not survive an analysis on the merits.  Alternatively, Petitioner's § 2254 claim appears to have been filed after the running of the applicable period of limitation.

IT IS THEREFORE ORDERED that, based on the above analysis, Petitioner has thirty days to show cause why his habeas petition should not be DENIED.

DATED this 13th day of November, 2013.

BY THE COURT:

*/s/ Tena Campbell*
_____
TENA CAMPBELL
United States District Judge